GEORGE HARRELL HAYES v. STATE.

No. A-10731.    June 25, 1947.

(182 P. 2d 775.)

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, County Atty. of Oklahoma County, of Oklahoma City, for defendant in error.

BAREFOOT, P. J. Defendant, George Harrell Hayes, was charged in the district court of Oklahoma county with the crime of burglary in the first degree, was tried, convicted and sentenced by the court to serve a term of 20 years in the State Penitentiary, and has appealed.

The only questions presented in the brief of defendant are (a) that the evidence is insufficient to sustain the conviction; and, (b) that the sentence rendered is excessive and by reason thereof is violative of the Constitution and statute. These may be presented together.

This defendant was residing in Oklahoma City, and had been employed by the prosecuting witness, Miss Fern Hoover, and her sister, Miss Maurene Hoover, who were teachers in the public schools of Oklahoma City, to take care of their yard and do some work in the house. He had worked for them and other people in the neighborhood for some time.

The information charged:

"* * * the said defendant * * * did then and there wilfully, unlawfully, burglariously and feloniously, break and enter in the night-time a certain two story frame dwelling house located at 1011 Northwest 14th Street, in Oklahoma City, said county and state, which said building was then and there under the possession and control of Fern Hoover, and in which said building there was then and there kept certain personal property, by entering through the basement window of said dwelling house while Fern Hoover was then and there sleeping in and occupying the said dwelling house, the said defendant did then and there, and at said time and place, enter therein with the unlawful, wrongful and felonious intent to commit a felony, without the knowledge and consent of the owner thereof."

The evidence revealed that the two young ladies resided at the address given with their mother. Shortly after midnight, the morning of September 18, 1945, Miss Fern Hoover, who was sleeping in the room with her sister, was awakened by a noise and thought her mother, who was sleeping across the hall, was up. As she arose, she disturbed her sister, who asked what she was doing, and she answered that she thought their mother was up. There was a night light burning in the mother's room, and the doors from both rooms into the hall were open. The doors were directly opposite. As Miss Fern Hoover went around her bed, she saw the figure of a man crouched by the side of her mother's bed. He immediately started crawling on hands and knees toward the door, and raised up to a crouching position as he ran down the hall and down the stairs. She turned on the hall light, and recognized the defendant, whom she well knew. She immediately went to the telephone and called the police, and her sister came out of the room, and followed the

party down stairs and out the front door, and, while she was unable to identify the defendant as well as her sister, she was able to describe his clothing. The front door had been unlocked, evidently by the defendant before he went to the second floor. Patrolmen M. J. Mills and L. H. Bailey responded to the call and when they arrived Officer Mills entered the home, and Officer Bailey cruised the neighborhood in his automobile and in a few minutes arrested defendant about a block and a half from the Hoover home. Officer Mills and the young ladies discovered a window in the basement open, with the screen propped up, through which the intruder had entered the building. The defendant when arrested was dressed just as the young ladies had described the intruder, and had white paint from the window on his jacket and trousers. The defendant was not taken before the young ladies that night for identification, but was placed in jail, and charges were preferred. The identification of the defendant by Miss Fern Hoover at the preliminary and at the trial was positive. There were numerous other circumstances which it is unnecessary to mention that established beyond a doubt that defendant was the party who entered the residence. The jury was amply justified in returning a verdict of guilty. They left the punishment to the court.

The maximum punishment provided by the statute for the crime here charged is 20 years, and this was the punishment assessed by the court.

It is contended by defendant that the punishment assessed is excessive under the facts and circumstances of this case. At first blush it might seem that this is true. Defendant did not take the witness stand, and therefore his previous record was not presented. It is only when

relief is asked by a defendant, claiming the punishment is excessive, that the Criminal Court of Appeals will examine the records in the office of the Pardon and Parole Board, to ascertain a defendant's previous record. But we are of the opinion that when relief is asked, the court has the right to examine this record to ascertain the true facts before granting or refusing such relief.

An examination of the records in the office of the Pardon and Parole Board reveals that this defendant has received six sentences. He was sentenced for grand larceny in Oklahoma county and given one year in the penitentiary in March, 1931, and was discharged in December, 1931. He was sentenced from Oklahoma county for a term of two years for burglary in the second degree in June, 1932, and was discharged in September, 1933. He was sentenced for burglary in the first degree in Oklahoma county for a term of ten years in 1933, and was discharged in November, 1938. He was sentenced for burglary in the second degree in Atoka county for a term of two years, and was discharged in March, 1940. He was sentenced in the present case in Oklahoma county, and given a sentence of 20 years, in December, 1945.

With this record confronting us, we are of the opinion that justice does not demand a modification of the judgment and sentence in this case. It seems that defendant is determined to continuously violate the law.

The judgment of the district court of Oklahoma county is therefore affirmed.

JONES and BRETT, JJ., concur.